UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-347-GWU

LORA J. GREGORY,                                                                                    PLAINTIFF,


VS.                              **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                                              DEFENDANT.


**INTRODUCTION**

Lora Gregory brought this action to obtain judicial review of an unfavorable administrative decision on the redetermination of her Supplemental Security Income (SSI) eligibility upon reaching adulthood.  The case is before the Court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.      Is the claimant currently engaged in substantial gainful activity?  If yes, the claimant is not disabled.  If no, proceed to Step 2.  See 20 C.F.R. 404.1520(b), 416.920(b).

2.      Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.      Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to

06-347 Gregory

Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.   <u>See</u>  20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?   If yes, the claimant was not disabled.   If no, proceed to Step 7.   <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

2

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.   20 C.F.R. Section 404.1529 (1991).   However, in evaluating a claimant's allegations of disabling pain:

First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

06-347 Gregory

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

06-347 Gregory

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In

6

such cases, the agency may be required to consult a vocational specialist.  <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley  v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

Gregory was originally awarded Child's SSI on a December, 1992 application.  (Tr. 13).  A redetermination of her disability status was initiated in 2002 following her 18th birthday.  (Tr. 13).  In a decision dated February 28, 2006, an Administrative Law Judge (ALJ) concluded that the plaintiff, now a 21 year-old woman with a "limited" education,[1] did not suffer from a "severe" impairment.  (Tr. 16-17).  Therefore, the claimant could not be considered totally disabled after December 1, 2003.  (Tr. 17).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

---

[1]The plaintiff completed 12 grades but did so in special education classes.  (Tr. 16).

06-347 Gregory

Gregory argues that the ALJ did not apply the proper legal standard regarding cessation of benefits.  The plaintiff notes that the administrative regulations require that the agency demonstrate "medical improvement" in a claimant's condition in order to terminate childhood disability benefits.  20 C.F.R. Section 416.994a(a)(1).  Gregory notes that she was previously found to meet the requirements of Section 111.09A of the Listing of Impairments for speech apraxia, expressive language disorder, and decreased speech intelligibility at the time of her most recent disability review in 1999.  (Tr. 506).  The plaintiff complains that nowhere in the ALJ's current decision were these prior findings discussed and, so, the current denial decision does not contain the required finding of medical improvement since the comparison point decision.  The Court is unable to agree with this argument.

The defendant notes that this action was not a standard cessation of benefits case requiring a showing of medical improvement to terminate Child's SSI benefits. Public Law 104-193 known as The Personal Responsibility and Work Opportunity Reconciliation Act of 1996, codified at 42 U.S.C. Section 1382c(a)(3)(H)(iii) provides that:

> If an individual is eligible for benefits under this title by reason of disability for the month preceding the month in which the individual attains the age of 18 years, the [Commissioner] shall redetermine such eligibility--

8

06-347 Gregory

(I) by applying the criteria used in determining initial eligibility for individuals who are age 18 or older.

Thus, the ALJ was required to apply the adult disability standards for initial eligibility rather than the medical cessation standard cited by the plaintiff.  Therefore, the Court finds no error.

Gregory also asserts that the ALJ erred in failing to find that she suffered from a "severe" impairment.  With regard to her physical condition, the Court finds no error with the ALJ's determination.  Dr. Humilidad Anzures (Tr. 527) and Dr. Timothy Gregg (Tr. 543) each reviewed the record and opined that it did not reveal the existence of a "severe" physical impairment.  Such treating and examining sources as the staff at Appalachian Regional Healthcare (Tr. 275-291, 311-485), Dr. Abdulkader Dahhan (Tr. 295-303), and the staff at Kentucky Cardiology (Tr. 310) did not identify the existence of more severe physical limitations which would contradict the opinions of the medical reviewers.  A November, 2002 CT scan of the plaintiff's head was normal.  (Tr. 287).  A November, 2002 chest x-ray was also normal.  (Tr. 288).  An x-ray of the cervical spine at this time was reported to be normal.  (Tr. 289).  MRI scans of the head and cervical spine at this time were also normal in result.  (Tr. 290-291).  Dr. Dahhan noted complaints of back pain and asthma in October of 2003.  (Tr. 296).  However, he found no significant reduction in range of back motion and no respiratory impairment.  (Id.).  Physical examination revealed no pathological reflexes or sensory impairment.  (Id.).  An x-ray of the

9

06-347 Gregory

lumbosacral spine was negative. (Tr. 296). An echocardiogram revealed essentially normal results in June of 2004. (Tr. 310). Thus, the record does support the ALJ's determination on this point.

With regard to her mental condition, Gregory cites the opinion of Psychologist Robert Spangler, an examining consultant, as supporting her claim that she suffers from "severe" mental problems. Spangler diagnosed an adjustment disorder with depressed mood, mild mental retardation, marginal education, and a dependent personality disorder. (Tr. 554). The examiner identified a number of very serious mental limitations on an assessment form including "no useful" ability to deal with the public and to understand, remember and carry out complex and detailed job instructions. (Tr. 558-559). However, Spangler also rated the plaintiff's Global Assessment of Functioning (GAF) at 70. Such a GAF suggests the existence of only "mild" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (DSM-IV) (4th Ed.-Revised, 1994). Such a GAF is in sharp contrast to the examiner's assessment. Thus, this report is internally contradictory which provides a solid ground for the ALJ to reject it.

Spangler was not a treating source whose opinion would be binding on the ALJ. Gregory was also examined by Psychologist Phil Pack. Pack suspected malingering and a possible learning disorder. (Tr. 308). The examiner opined that

06-347 Gregory

the plaintiff's speech, socialization, and ability for self-care were all adequate.  (Id.).

She would be able to understand simple instructions.  (Id.).  This opinion offsets that

of Spangler.

Gregory sought treatment for her mental problems at the Cumberland River

Comprehensive Care Center (Cumberland River).  She was diagnosed as suffering

from an adjustment disorder with depressed mood.  (Tr. 486).  Specific mental

limitations were not assessed.  However, the plaintiff's GAF was rated at 72.  Such

a GAF suggests the existence of transient and no more than "slight" psychological

symptoms which would not appear to constitute a "severe" impairment.

Psychologists Jane Brake (Tr. 512) and Lea Perritt (Tr. 528) each reviewed

the record and opined that it did not reveal the existence of a "severe" mental

problem.  Their opinions provide additional support for the ALJ's decision.

Even if the ALJ erred in failing to find that Gregory's mental impairment was

"severe," she was still properly found to have no exertional limitations.   Social

Security Ruling 85-15 indicates that a mental impairment alone would not be totally

disabling unless it caused a "substantial loss" of ability to understand, remember

and carry out simple job instructions, to respond appropriately to supervision, co-

workers, and usual job situations, or to deal with changes in a routine work setting.

While Spangler's opinion would meet these requirements, he was not binding on the

ALJ.  Certainly the opinions of Pack and the treating source at Cumberland River

11

06-347 Gregory

do not indicate such limitations.  Therefore, the ALJ dealt properly with the evidence of record relating to the claimant's mental condition.

Gregory testified that she had great difficulty reading.  (Tr. 567). Achievement testing by Pack revealed a 2nd grade reading level.  (Tr. 306).  The examiner did appear to suspect malingering.  (Id.).  Even if the ALJ erred in finding that the plaintiff's literacy level was "limited" rather than "marginal" or illiterate any error would appear harmless because the plaintiff would be able to perform work at all exertional levels.

As previously noted, Gregory's childhood SSI eligibility finding was based heavily upon speech problems.  However, these concerns do not appear prominent at the time of the redetermination of her SSI eligibility upon reaching the age of 18. The plaintiff's treating sources at Appalachian and Cumberland River do not mention functional restrictions relating to her speech.  Pack specifically stated that the claimant's ability to communicate was adequate. (Tr. 308).  Even Spangler, the examiner most sympathetic to the plaintiff's disability claims, did not indicate she had speech problems.  (Tr. 551-560).  Gregory reported problems with use of the letter S and some words but did not appear to have trouble testifying at the administrative hearing.  (Tr. 562-574).  Thus, the speech problems would not appear to have been "severe" at the time of the redetermination decision.

06-347 Gregory

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the Court must grant the defendant's summary judgment decision and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 29th day of June, 2007.

**Signed By:**

*G. Wix Unthank*

**United States Senior Judge**